UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SPYRIDON KOUZIOS,

      Plaintiff,

   -against-

CAROLINA YACHT ENTERPRISES, INC.,
and MONTE RICHARD HOWELL,

      Defendants.
-----------------------------------------------------X

14 CV 1824 (SJ) (SMG)

MEMORANDUM &
ORDER

A P P E A R A N C E S

DAVID BOLTON, P.C.
Suite 508
666 Old Country Road
Garden City, NY 11530
By: David Bolton
*Attorney for Plaintiff*

WHITE, QUINLAN & STALEY LLP
377 Oak Street
P.O. Box 9304
Garden City, NY 11530
By: Terence Quinlan
*Attorneys for Carolina Yacht Enterprises*

THOMPSON & PUREZA, P.A.
101 West Main Street
Elizabeth, NC 27909
By: C. Everett Thompson II
*Attorneys for Monte Richard Howell*

**JOHNSON, U.S.D.J:**

1

Plaintiff Spyridon Kouzios ("Plaintiff") filed the Amended Complaint in the Supreme Court of Queens County on February 18, 2014. In it, Plaintiff alleged breach of contract against defendant Carolina Yacht Enterprises ("Carolina Yacht") defendant Monte Richard Howell ("Howell"), arising out of the construction and sale to Plaintiff of a vessel in exchange for $1,599,999. Plaintiff claims he remitted the funds to Carolina Yacht in accordance with the agreement but that the vessel, when delivered, did not meet the warranties and representations set forth in the agreement.

On March 21, 2014, Howell, represented by C. Everett Thompson, II ("Thompson"), filed a Notice of Removal, based on diversity jurisdiction. He also filed a Motion for Leave to Appear Pro Hac Vice and included therewith a proposed order identifying him "as counsel or advocate for Monte Richard Howell." (Dkt. No. 3-2.) The order was endorsed by Chief Magistrate Judge Steven M. Gold, and Thompson was noticed on the Court's docket as counsel for Howell.

On April 10, 2014, Plaintiff served a Motion to Remand ("Motion") on Defendants. The Motion argues that remand is appropriate because the action was removed without the consent of both defendants. The following day, Terence Quinlan ("Quinlan"), the attorney who appeared on behalf of Carolina Yacht in the state court action, filed an affidavit with this Court stating, <u>inter alia</u>, that Carolina Yacht consents to removal.

On May 12, 2013, Thompson filed a letter with this Court stating that he represents both Howell and Carolina Yacht and that both consent to removal. The only other opposition to the Motion is a Second Affidavit of Howell, in which he states that "[as] President of Carolina Yacht Enterprises, Inc., and as its sole stockholder, I consent for [*sic*] the removal." (Dkt. No. 13 at 3.)

Thompson has not entered a formal appearance for Carolina Yacht and the Court docket reflects that Quinlan has.

DISCUSSION

The party seeking removal bears the burden of showing that it is proper. See 28 U.S.C. § 1441; Wilson v. Republic Iron & Steel, Co., 257 U.S. 92, 97 (1921); Zerafa v. Montefiore Hosp. Hous. Co., 403 F. Supp. 2d 320, 325 (S.D.N.Y. 2005); Wallace v. Wiedenbeck, 985 F. Supp. 288, 290 (N.D.N.Y. 1998). Doubts are resolved against removal, as "federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." In re NASDAQ Market Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)).

The Jurisdiction and Venue Clarification Act was signed into law on December 7, 2011 and became effective on January 6, 2012. It requires "all defendants who have been properly joined and served [to] join in or consent to removal." Pub.L. No. 112-63, 125 Stat 758 (Dec. 7, 2011). Explicit consent is

required, and for the notice to be timely, it must be filed within 30 days of receipt by or service on Defendants of the initial state court pleading. See 28 U.S.C. § 1446(b)(2); Pacy v. Cowen Holdings, Inc., No. 12 CV 817, 2012 WL 5305228, at *2 (W.D.N.Y. 2012).

In this case, Plaintiff filed an Amended Complaint in state court on February 18, 2014. Carolina Yacht answered that complaint in state court on March 10, 2014, with Quinlan as counsel. Therefore, Quinlan's April 11, 2014 letter to the Court giving consent to removal was untimely: it was not filed within 30 days of Carolina Yacht's receipt of the Amended Complaint, and was filed in response to the Motion to Remand.

Howell's filings only muddy the waters. He claims standing to consent to removal based on his ownership of Carolina Yacht. However, the Court takes judicial notice of the North Carolina Department of the Secretary of State website, which lists Carolina Yacht as an active corporation. As such, Carolina Yacht must be represented by counsel, not by Howell. See, e.g., Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 23 (2d Cir. 1983); Chien v. Barron Capital Advisors, LLC, No. 09 CV 1873 (CSH), 2011 WL 3047810, at *2 (D. Conn. 2011). And, like Quinlan's April 11 letter, Howell's Second Affidavit is in any event untimely. Therefore, the Motion is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is granted. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall remand the case to the Supreme Court of Queens County. The Clerk shall mail a certified copy of this Memorandum and Order to the clerk of the state court and take all necessary steps to close the case here.

SO ORDERED.

Dated: January 14, 2015  _____/s_____
      Brooklyn, NY        Sterling Johnson, Jr., U.S.D.J.